# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

ANNA JURAVIN, ANNA JURAVIN,
UNITED MEDICAL GROUP
INTERNATIONAL INC, DON KARL
JURAVIN and YNES JURAVIN,

   Plaintiffs,

v.            Case No: 5:21-cv-514-GAP-PRL

DENNIS KENNEDY,
JAMES RYAN,
BRADLEY SAXTON and
LAUREN REYNOLDS

   Defendants.

## ORDER

  This matter is before the Court on Defendants' Motion to Dismiss (Doc. 24). In ruling on this Motion, the Court also considered Plaintiffs' Response in Opposition (Doc. 27).

## I. Background[1]

This case arises out of events that took place during the ongoing Chapter 7 Bankruptcy proceedings for Don Karl Juravin (hereinafter, the "Debtor"). *See In re Juravin*, 6:19-bk-6821 (Bankr. M.D. Fla.). Due to some problems with obtaining discovery from the Debtor, the Chapter 7 Trustee, Dennis D. Kennedy, filed an ex parte motion for a break order to search the Debtor's home for documents, electronic data, and certain assets that may be part of the bankruptcy estate. The Bankruptcy Court granted that motion. On May 5, 2021, the Trustee, attorneys James Ryan, Bradley Saxton, and Lauren Reynolds, and the United States Marshals Service executed the Break Order in the presence of the Debtor's wife, Anna Juravin, and her children. The Trustee subsequently filed an inventory with the Bankruptcy Court listing all the items obtained during the execution of the break order.

Five months later, Anna Juravin ("Juravin") filed this lawsuit on behalf of herself, her children, and United Medical Group International, a corporation whose sole shareholder is Anna Juravin.[2] Juravin sues the Trustee and the above-

---

[1] The facts detailed throughout this order are based, in part, on the allegations contained in the Complaint (Doc. 1) and "in reviewing motions to dismiss we accept as true the facts stated in the complaint and all reasonable inferences therefrom." *Jackson v. Okaloosa Cnty.*, 21 F.3d 1531, 1534 (11th Cir. 1994). In addition, the Court takes judicial notice of and considers certain filings in the *Juravin* bankruptcy proceeding. Specifically, the Court takes judicial notice of those filings to which the parties agree. *See* Doc. 22 ¶¶5–8; Doc. 29 ¶¶ 2–3.

[2] The Debtor, Don Juravin, was initially party to this lawsuit but withdrew from this case

mentioned attorneys (hereinafter, collectively, "Defendants") for violating the United States Constitution and the Florida Constitution, and for Common Law Conversion, all stemming from the execution of the Break Order.[3] Juravin seeks to suppress certain documents from being used in the Chapter 7 proceedings, as well as compensatory and punitive damages and attorney's fees. Defendants now move to dismiss, arguing that the Court lacks subject matter jurisdiction pursuant to the *Barton* Doctrine.

**II.     Legal Standard**

Attacks on subject matter jurisdiction under Rule 12(b)(1) take two forms: facial or factual. "A 'facial attack' challenges whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Kennedy v. Floridan Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* In evaluating a factual attack on subject matter

---

on November 11, 2021. Doc. 11.

[3] Around the time she filed this lawsuit, Juravin also appealed several orders from the Bankruptcy Court, wherein she raised the same issues as those that she raised here.

- 3 -

jurisdiction, district courts are free to consider factual matters outside the pleadings. *Lawrence*, 919 F.2d at 1529.

**III. Analysis**

This lawsuit ostensibly serves as a collateral attack by the Plaintiffs against the Trustee and the Bankruptcy Court's orders. Defendants argue that this collateral attack falls squarely within the scope of the *Barton* doctrine and the Court should therefore dismiss this case with prejudice for lack of subject matter jurisdiction.

Under the *Barton* doctrine, a party "must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009) (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000)). This doctrine encompasses suits against a trustee and those against entities like a trustee's counsel and creditors who aid a trustee in carrying out his or her official duties. *See id.* at 1269–70. The doctrine exists to protect trustees from "having to defend against suits by litigants disappointed by his [or her] actions on the court's behalf . . ." *See Carter*, 220 F.3d at 1252 (quotation omitted). This is because having to defend against such suits would make trusteeship "a more irksome duty, and so it

will be harder for courts to find competent people to appoint as trustees." *Id.* at 1252–53 (quotation omitted).

Plaintiffs do not dispute that this lawsuit is related to the Chapter 7 bankruptcy proceeding for Don Juravin.[4] Instead, Plaintiffs argue that the ultra vires exception to the *Barton* doctrine applies and that they were not required to obtain the Bankruptcy Court's permission before filing suit. The "ultra vires" exception states that "if, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right; for in such case the receiver would be acting ultra vires." *In re Cruz*, 562 B.R. 812, 817 (M.D. Fla. 2016) (quoting *Barton v. Barbour*, 104 U.S. 126, 134 (1881)). "The ultra vires exception is limited—'it may be no exaggeration to state that the exception applies *only* in cases where a receiver wrongfully seizes or controls non-receivership property.'" *Tufts v. Hay*, No. 6:18-cv-572, 2019 WL 11339890, at *3 (M.D. Fla. March 18, 2019) (emphasis added and quoting *In re DMW Marine*, 509 B.R. 506, 507 (Bankr. E.D. Penn. 2014)).

The Court notes two situations where courts have applied the ultra vires exception.[5] In one, the Ninth Circuit held that the ultra vires exception applied

---

[4] A civil proceeding is "related to" a bankruptcy proceeding if "the outcome of the proceeding could conceivably have an effect on the state being administered in bankruptcy." *Lawrence*, 573 F.3d at 1270–71 (quoting *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)).

[5] Several courts have cited to and relied on at least one or both of these fact patterns in determining whether the *Barton* doctrine bars a lawsuit. *See, e.g.*, *In re McKenzie*, 716 F.3d 404,

because the trustee exceeded his authority in two respects. First, the trustee took possession of property that was not part of the bankruptcy estate. *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967) And second, the trustee failed to turn over the property to the plaintiff owner when he discovered that the title to the property "was claimed by and recorded in the name of [the plaintiff]." *Id.* In addition, the court noted that the trustee should have obtained a court order before proceeding as he did. *Id.* at 561. In the other case, the Tenth Circuit held that a receiver in a divorce proceeding exceeded his authority where he seized the assets, mail, and proprietary information of a corporation in which one of the spouses was a minority shareholder. *Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 150–52 (10th Cir. 2009).

This case is distinguishable from *Vrooman* and *Schlossberg*. By obtaining a court order permitting them to search the home of the Debtor and Juravin, Defendants acted with the express authorization of the Bankruptcy Court. After Defendants executed the Break Order, the Bankruptcy Court fully ratified their conduct by denying Juravin's motions seeking to punish the Trustee for his conduct. *See In re Juravin*, 6:18-bk-6821, Doc. 669-1 at 28–37. There is no question

---

415–16 (6th Cir. 2013); *Satterfield v. Malloy*, 700 F.3d 1231, 1235 (10th Cir. 2012); *In re Cruz*, 562 B.R. 812, 817–18 (M.D. Fla. 2016); *Hill v. Re*, 574 B.R. 322, 336–37 (N.D. Ga. 2017).

that Defendants' conduct fell squarely within the scope of the Court's authority in executing the break order.

Notwithstanding the Bankruptcy Court's authorization, the nature of this lawsuit also requires dismissal. It is clear from the pleadings and the judicially noticed filings from the Bankruptcy Proceeding that Plaintiffs are not concerned with any wrongful retention of property. Rather, this lawsuit is aimed at interfering with the Trustee's ability to administer the bankruptcy and is exactly the type of action that *Barton* seeks to prevent. *See Carter*, 220 F.3d at 1252. The Bankruptcy Court plainly explained to Mrs. Juravin and her counsel that if she requested the return of her property, the Bankruptcy Court would grant that

relief.[6] *Juravin*, 6:18-bk-6821, Doc. 669-1 at 33:17–25. Rather than make that request to the Bankruptcy Court,[7] Plaintiffs filed this lawsuit and appealed an order denying the removal of the Trustee. Even here, Plaintiffs do not seek the return of any property that Defendants took. Instead, they seek $10 million in damages against Defendants, as well as an order excluding evidence from the bankruptcy proceeding. Clearly this lawsuit is a bad faith attempt to disrupt the Bankruptcy Proceeding and does not fall within the ultra vires exception. Therefore,

---

[6] For context, the Bankruptcy Court stated:

> Documents taken and no real request to get anything back indicates nothing improper occurred at the Break Order and all that Mr. Juravin or Mrs. Juravin needed to do was to ask to either see, come visit, come get the – come review the documents and get copies of what they needed.
>
> . . .
>
> If you believe that there are any additional items such as a pocketbook or any personal family medical records or otherwise, I will certainly direct the Trustee to provide Mr. and Mrs. Juravin with access to the boxes and information removed so that they can make copies and take – or if he agrees let them have the original, if appropriate, any of the documents in his possession but he has no obligation to go through all those documents to give Mr. Juravin a roadmap to what they found.

*Juravin*, 6:18-bk-6821, Doc. 669-1 at 33:4–9; 33:17–25.

[7] Notably, the Bankruptcy Court was prepared to enter an order directing the Trustee to provide Juravin with access to the property taken during the Break Order until the Trustee's counsel advised that all the property had been returned to the Debtor's counsel. *Juravin*, 6:18-bk-6821, Doc. 669-1 at 38:22–37:25. After confirming this with the Debtor's counsel, the Bankruptcy Court denied the request as moot. *Id.* at 38:2–12. Plaintiffs' counsel declined to dispute or question this representation when given the opportunity to do so and Plaintiffs have not followed up with any further request for relief on this issue. *See id.* at 38:13–18.

Defendants' Motion to Dismiss is due to be granted because this lawsuit is barred by the *Barton* doctrine.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. 24) is **GRANTED**. Plaintiffs' Complaint (Doc. 1) is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 28, 2022.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party